**U.S. Department of Justice**



*United States Attorney*
*Western District of Pennsylvania*

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                                *412/644-3500*

December 17, 2009


Stanley Greenfield, Esquire
Greenfield & Kraut
Greenfield Court
1040 Fifth Avenue, 3rd Floor
Pittsburgh, PA   15219

Re:   United States of America v.
      Sacks Medical Corporation
      Criminal No.  09-344

Dear Mr. Greenfield:

This letter sets forth the agreement by which your client, Sacks Medical Corporation, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Sacks Medical Corporation and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Sacks Medical Corporation will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.   The defendant, Sacks Medical Corporation, agrees to the following:

LIMITED OFFICIAL USE



GOVERNMENT EXHIBIT

December 17, 2009
Page 2

1. Sacks Medical Corporation will enter a plea of guilty to Counts One and Four of the Information (draft copy attached as Exhibit A) at Criminal No. 09-344, charging it with violating Title 18, United States Code, Section 1956(a)(2)(A), and Title 21, United States Code, Sections 331(t) and 353(e)(1)(A), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2. Sacks Medical Corporation acknowledges its responsibility for the conduct charged in Counts Two and Three of the Information at Criminal No. 09-344 and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. At the time Sacks Medical Corporation enters its plea of guilty, Sacks Medical Corporation will deposit a special assessment of $525.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

4. Sacks Medical Corporation agrees to the forfeiture of monies totaling $500,000.00 (hereinafter the $500,000.00 Forfeiture Monies) to the United States as follows: (1) forfeiture of $292,195.44 that is currently the subject of Civil Action No. 07-1389; and (2) Sacks Medical Corporation shall pay the United States an additional $207,804.56 by check or certified funds on before the sentencing date, which $207,804.56 shall become part of the res in Civil Action No. 07-1389.

5. Sacks Medical Corporation consents to the entry of a judgment of forfeiture against the $500,000.00 Forfeiture Monies in Civil Action No. 07-1389. Sacks Medical Corporation waives any former jeopardy or double jeopardy claim in or as a result of any civil forfeiture seizure and arrest, and/or the entry of judgments of forfeiture in Civil Action No. 07-1389. It further acknowledges that the $500,000.00 in Forfeiture Monies are civilly forfeitable to the United States for the reasons

        outlined in the forfeiture action set forth in Civil Action No. 07-1389. Sacks Medical Corporation waives service of the complaint at No. 07-1389 and its right to file a claim and answer at No. 07-1389, and consent to the forfeiture of the $500,000.00 Forfeiture Monies.

6. Sacks Medical Corporation waives the right to take a direct appeal from its conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Sacks Medical Corporation may take a direct appeal from the sentence;

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Sacks Medical Corporation may take a direct appeal from the sentence;

   Sacks Medical Corporation further waives the right to file a motion to vacate sentence, and the right to file any other collateral proceeding attacking its conviction or sentence.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining Counts of the Information at Criminal No. 09-344, without prejudice to their reinstatement if, at any time, Sacks Medical Corporation is permitted to withdraw its plea of guilty. In that event, Sacks Medical Corporation waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the Counts dismissed pursuant to this agreement.

December 17, 2009
Page 4

    2.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Sacks Medical Corporation in the offenses charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.

    3.    The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    Sacks Medical Corporation and the United States Attorney further understand and agree to the following:

    1.    The penalty that may be imposed upon Sacks Medical Corporation for Count One is:

        (a)    A term of probation of not less than one (1) year, nor more than five (5) years under 18 U.S.C. §3561(c)(1);

        (b)    A fine of $500,000 or twice the value of the property involved in the transaction under 18 U.S.C. §1956(a)(2);

        (c)    A special assessment of $400.00 under 18 U.S.C. §3013(a)(2)(B).

    2.    The penalty that may be imposed upon Sacks Medical Corporation for Count Four is:

        (a)    A term of probation of not more than five (5) years under 18 U.S.C. §3561(c)(2);

        (b)    A fine of $200,000 under 18 U.S.C. §3571(c)(5);

        (c)    A special assessment of $125.00 under 18 U.S.C. §3013(a)(1)(B)(iii).

    3.    The parties agree that the appropriate sentence in this case is a term of probation of one (1) year, a fine of $500,000.00, a special assessment of $525.00, and a forfeiture of 500,000.00. The

December 17, 2009
Page 5

> parties agree that the fine shall be payable in full at the date and time of sentencing, and that the forfeiture shall be paid as outlined above in paragraphs A.4-5.
>
> 4. This agreement does not preclude the government from pursuing any civil or administrative remedies against Sacks Medical Corporation or its property.

This letter sets forth the full and complete terms and conditions of the agreement between Sacks Medical Corporation and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Robert S Cessar*

ROBERT S. CESSAR
Acting United States Attorney

December 17, 2009
Page 6

As the authorized corporate representative of Sacks Medical Corporation, I have received this letter from Sacks Medical Corporation's attorney, Stanley Greenfield, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth Sacks Medical Corporation's agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to Sacks Medical Corporation by any agents or officials of the United States in connection with this matter.

_____
SACKS MEDICAL CORPORATION

2-22-10
_____
Date

Witnessed by:

_____
STANLEY GREENFIELD, ESQUIRE
Counsel for Sacks Medical Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>SACKS MEDICAL CORPORATION )<br>)<br>) | Criminal No.<br>(18 U.S.C. § 1956(a)(2)(A),<br>21 U.S.C. §§ 331(t) and<br>353(e)(1)(A)) |

## INFORMATION

The Acting United States Attorney charges:

### COUNTS ONE - THREE

From on or about December 20, 2004, and continuing through on or about December 24, 2004, in the Western District of Pennsylvania and elsewhere, the defendant, SACKS MEDICAL CORPORATION (hereinafter "SMC"), did knowingly, intentionally and unlawfully transport and transmit monetary funds from a place in the United States to a place outside the United States, and from a place outside the United States to a place in the United States, as set forth in each count listed below, with the intent to promote the carrying on of the specified unlawful activity of Wire Fraud; in that defendant SACKS MEDICAL CORPORATION's transmission of international wire transfers of monetary funds were in furtherance of and promoted a scheme to defraud pharmaceutical manufacturers by illegally reselling discounted pharmaceuticals, in violation of Title 18, United States Code, Section 1343, and Title 21, United States Code, Section 353(c)(3)(A):

**EXHIBIT A**

| COUNT | DATE | AMOUNT OF FUNDS | DESCRIPTION |
|---|---|---|---|
| 1 | 12/20/2004 | $220,000.00 | Wire transfer from the account of Sacks Biologicals at Parkvale Bank, Monroeville, Allegheny County, Pennsylvania, to the account of P.A.C. at TD Canada Trust, Toronto, Ontario, Canada |
| 2 | 12/21/2004 | $250,000.00 | Wire transfer from the account of Sacks Biologicals at Parkvale Bank, Monroeville, Allegheny County, Pennsylvania, to the account of P.A.C. at TD Canada Trust, Toronto, Ontario, Canada |
| 3 | 12/24/2004 | $489,990.00 | Wire transfer from the account of P.A.C. at TD Canada Trust, Toronto, Ontario, Canada, to account of Monsour Medical Center Research Institute at Parkvale Bank, Monroeville, Allegheny County, Pennsylvania |

In violation of Title 18, United States Code, Section 1956(a)(2)(A).

**EXHIBIT A**

## COUNT FOUR

On or about April 21, 2005, in the Western District of Pennsylvania and elsewhere, the defendant, SACKS MEDICAL CORPORATION, did knowingly engage in the wholesale distribution, in interstate commerce, of prescription drugs as described and defined in Title 21, United States Code, Section 353(b), to wit:

(a) SACKS MEDICAL CORPORATION knowingly acquired certain prescription drugs from the Monsour Medical Center Research Institute, which had received said drugs through their participation in several discount drug purchasing organizations, which were manufacturers' authorized distributors of those drugs; and

(b) knowingly engaged in the wholesale distribution, in interstate commerce, of those prescription drugs; and

(c) failed to provide to the entity purchasing the prescription drugs a complete statement known within the industry as a "pedigree," which failed to provide each and every prior sale, purchase, or trade of the drug.

In violation of Title 21, United States Code, Sections 331(t) and 353(e)(1)(A).

ROBERT S. CESSAR
Acting United States Attorney
PA ID No. 47736

**EXHIBIT A**